UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHFERN DIVISON

TENNILLE VIAU,                                              Case No.  21-12313

     Plaintiff,                                              Honorable Victoria A. Roberts
VS.

GREG POKLEY, ET AL.,

     Defendants,
_____

Tennille Viau
3974 Highland Dr.
Troy, MI 48084
(248) 250-6056
TSVC12@gmail.com

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff states as follows:

## VENUE AND JURISDICTION

1. Plaintiff, a citizen of the United States and State of Michigan residing in the Eastern District of Michigan.

2. The cause of action arose in the City of Troy, Michigan, in the Eastern District of Michigan, as well as Glenn Arbor, MI.

3. The Troy Police Department is a municipal corporation and political subdivision of the State of Michigan.

4. The Federal Bureau of Investigation is a U.S. Government Agency.

5. Greg Pokley is an officer for the Troy Police Department in the state of Michigan.

6. Defendant Grey Pokley was at all times relevant hereto an officer for Troy Police and was acting under color of state law, and pursuant to the policies, practices, customs, and usages of the Troy Police Department and is being sued.

7. Defendant Troy Police Department was acting under color of state law, and pursuant to the policies, practices, customs, and usages of the Troy Police Department and is being sued.

8. Defendant Federal Bureau of Investigation was acting under color of state law, and pursuant to the policies, practices, customs, and usages of the Federal Bureau of Investigation and is being sued.

9. Defendant John Doe was at all times relevant hereto an undercover officer and was acting under color of state law, and pursuant to the policies, practices, customs, and is being sued.

10. The federal claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983. Accordingly, jurisdiction is conferred by 28 USC § 1331 as this matter involves a federal question.

11. The state law claims brought herein are cognizable under Michigan law and supplemental jurisdiction is conferred by 28 USC § 1367 as these claims form part of the same case or controversy.

**FACTUAL ALLEGATIONS**

12. Plaintiff wrote a police report at the Troy Police Department on April 3, 2021. The Police report and verbal statement given to the Troy Police Department stated that the Plaintiff was sexually abused at 9 years old inside of the home of Detroit Police Officer Evan Fobbs, by his minor son, Josh Fobbs. The police report

stated that four undercover officers followed the Plaintiff on vacation into the Blu Restaurant in Glenn Arbor, MI and began to taunt and tease the Plaintiff, using the Plaintiff's abuser to do it, while the Plaintiff was eating dinner with her children and her husband. The Plaintiff asked Troy Police for protection from undercover officer abuse. The Plaintiff also gave photocopies of the four individuals. There was no response from the Troy Police Department for 16 days.

13. Plaintiff informed Troy Police that Leelanau County Sheriff Department was informed of the incident in the restaurant. Plaintiff told Troy Police that Sergeant Andy Bosscher of Leelanau County Sheriff Department for the City of Glenn Arbor, insinuated to the Plaintiff that it was the Plaintiff's fault for "eavesdropping" on the four peoples' conversation.

14. On April 19, 2021, Lynn Giorgi contacted the Plaintiff by phone and e-mail to inform the Plaintiff that she is the responding investigator at the Troy Police Department, calling on behalf of Chief Frank Nastasi and that she will be handling the sexual abuse police report.

15. After the Plaintiff asked for help from the mayor of Troy and Troy City Council, on April 21, 2021, Officer Pokley came to the Plaintiff's house uninvited, with multiple police cars parked on the wrong side of the street, while one male officer stood in the lawn, in defense position, as Pokley banged on the door, to talk about a sexual abuse police report that the Plaintiff wrote 18 days before. Pokley attempted to have a conversation about the sexual abuse police report in front of the Plaintiff's children and neighbors. Plaintiff had to ask the officers to leave,

because of the sensitive nature of the police report and the inappropriate time and place to have the conversation.

16. Before Plaintiff asked Officer Pokley to leave, he informed the Plaintiff that Lynn Giorgi not only isn't a detective, but she's also not an officer with the Troy Police Department. She has no credentials to be the responding officer for the complaint or to read about the sensitive nature of the report as a common citizen with no credentials. The Plaintiff recorded this conversation.

17. On April 21, 2021, Lynn Giorgi was informed that the Plaintiff wanted to press charges regarding the sexual abuse that happened when the Plaintiff was 9, but Lynn stopped responding and the Plaintiff haven't heard from her since.

18. After many attempts to receive help, in May 2021, Officer Josh Jones informed the Plaintiff that the original police report that was written on April 3, 2021, was discarded. Officer Josh Jones can be heard during the phone call that was recorded by the Plaintiff, laughing off the concerns and issues that the Plaintiff brought forth. This complaint includes the sexual abuse allegations that occurred when the Plaintiff was 9 years old and allegations that undercover officers have used this past trauma to stir up negative emotions. Lieutenant Josh Jones can be heard laughing during this serious conversation, which made the plaintiff feel belittled and dismissed.

19. In the Spring of 2021, Troy Police was informed that the Plaintiff's 10-year-old daughter was grouped by race by Troy City Officials and told to pretend to blow up other children with a bomb, according to the racial differences of other children. The Plaintiff informed Troy Police, as well as the FBI that the Plaintiff

believes that undercover officers taught this to stir up negative action for their federal investigation. Troy Police informed the Plaintiff that they don't have the manpower to investigate it because it's not a crime and FBI has not responded.

20. In the Spring of 2021, Troy Police was also informed that the Plaintiff received an offer in the mail, sent from the United States Postal Service, for 15 free assault rifles, handguns, and tactical gear that the plaintiff believes was a failed entrapment attempt. The Troy Police Department responded by saying they were throwing the offer away. FBI has not responded.

21. Plaintiff was privately e-mailed photos of men in military and ask to say something about the "evil" pertaining to it.

22. Plaintiff has informed authorities that she feels that she is being abused and groomed for radicalization to make an investigation and years of surveillance justifiable.

23. Around May of 2021, the Plaintiff went to Michigan State Police in Oak Park, MI to make a complaint. The Plaintiff recorded Michigan state Police stating that there is corruption within our government and that there are "networks" that collaborate to obstruct justice and that they couldn't guarantee that another incident like the one involving Officer Pokley won't happen again. This makes the Plaintiff feel unsafe. This conversation was audio recorded by the Plaintiff.

24. Since 2021, the Plaintiff has informed FBI about these abuses endured and that the Plaintiff believes that the 5-year federal investigation has now been classified. So far, FBI has been unresponsive and of no help and at one point, FBI told the Plaintiff that they don't handle matters like this and then hung up.

25. The DOJ has been informed by the Plaintiff since 2021, and they have not been responsive as well.

26. The Plaintiff stopped driving since the year of 2020. Apart from one outing, the Plaintiff has only left the house in 2021 to file the complaints with Troy Police and Michigan State Police and does not leave the house for several months at a time because of the anxiety that was produced by officers and the Plaintiff's belief that authorities are abusing their access to GPS tracking.

27. The Plaintiff feels prohibited from enjoying life. Troy Police has responded to the Plaintiff's claims with hostility and FBI and DOJ has responded by not responding. The Plaintiff has not received the protection or public services that is covered under the constitution.

## COUNT I - ALL DEFENDANTS DENIAL OF EQUAL PROTECTION IN VIOLATION OF FOURTEENTH AMENDMENT

28. Defendants Troy Police, FBI, John Doe, and Officer Greg Pokley denied equal protection under the law by throwing away the Plaintiff's police report when the Plaintiff went to them for aid, services and protection that is covered under the law. The Troy Police Department sent Greg Pokley to the Plaintiff's house to intimidate and scare the Plaintiff away because the Plaintiff's complaint involves undercover officers, believed by the Plaintiff to be federal agents. Troy Police Department's decision to destroy the original police report is also a denial of equal protection, which is in violation of the fourteenth amendment.  Lynn Giorgi was allowed to come in and impersonate a police officer, by acting as the responding investigator that was handling the Plaintiff's police report even though

she's not an officer and carries no badge to do so. This is also a denial of equal protection and service because the Plaintiff is not getting real officer help. The Plaintiff is being retaliated against for reporting claims of federal abuses and is being denied equal protection under the law. It is common law enforcement procedure to take a sexual abuse police report for a citizen and forward it over to the appropriate departments if necessary, but Troy Police did not offer equal service and protection to the Plaintiff that they offer to other citizens. Instead, they thew it away.

## MONELL LIABILITY

29. The Defendants has shown a repeated and continued practice within their departments to deny the Plaintiff law enforcement services and protection. Officer Josh Jones was recorded admitting that the Troy Police Department threw away the police report that reports undercover officer abuse and the sexual abuse of the Plaintiff when the Plaintiff was a minor. FBI agents hung up on the Plaintiff three times and one agent said that FBI doesn't handle matters like this. This continued denial of service and protection is a constitutional violation.

## COUNT III - ALL DEFENDANTS DENIAL OF EQUAL PUBLIC ACCOMMODATIONS IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et. seq.

30. If the Plaintiff was not a black woman, the plaintiff would have never been subjected to such harsh treatment for so many years and denied law enforcement services and protection from federal and local government. The

Plaintiff has not received full and equal public services from law enforcement agencies, in which they swore to give and is promised under the constitution for all citizens. Denial of service is in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

31. Defendant Troy Police Department, and Defendant FBI are liable for the denial of this service, and Greg Pokley is liable for trying to scare the Plaintiff away from receiving this service.

## COUNT IV - ALL DEFENDANTS DIRECT OR INDIRECT DENIAL OF PUBLIC ACCOMMODATIONS, ADVANTAGES, FACILITIES AND PRIVILEGES IN VIOLATION OF MCL 750.146

32. Defendants denied Plaintiff services by ignoring Plaintiff's request for help and admitting to destroying the Plaintiff's police report. Troy Police Department allowed Lynn Giorgi to impersonate an officer and allowed her to be the responding investigator despite her not having a badge or credentials, obstructs the Plaintiff from receiving real help and real police services. Sending Officer Pokley to the Plaintiff's home, pretending to do a raid, to silence, scare and humiliate the Plaintiff away is also a denial of public accommodations that the Plaintiff has a right to under the constitution.

## COUNT IX – TROY POLICE DEPARTMENT DENIAL TO KEEP PERSONAL MATTERS PRIVATE IN VIOLATION OF THE NINTH AMENDMENT

33. Defendant Troy Police Department denied the right to keep personal matters private, which is protected by the Ninth AmenAment, by allowing Lynn Giorgi, a

private citizen, to read and respond to a sexual abuse police report that she is not qualified to do under the law. The police department did not handle this matter responsibly and should have not allowed a common citizen to review and address the sexual abuse of another citizen, since she is not a sworn officer. It is common practice for police departments to not release the name of sexual abuse survivors to the public. The Troy Police did not give the Plaintiff the same right that they give to other citizens.

34. Officer Pokley attempted to violate this amendment again when he insisted on having a conversation about a sexual abuse police report on the front porch, out in the open, for everyone to hear. This conversation would have been in violation of the Plaintiff's right to privacy under the Ninth Amendment.

## COUNT V – ALL DEFENDENTS DENIAL OF LIBERTY IN VIOLATION OF THE FIFTH AMENDMENT

35. Plaintiff has made many attempts to receive help and resolution from those who were sworn to protect and serve. Plaintiff has made many allegations about officer abuse and mistreatment. Plaintiff no longer participates in public activities. Plaintiff no longer takes vacations, nor drive a car and is not enjoying the fullness of life. The Plaintiff's liberty has been taken away by officers who has harassed the Plaintiff into isolation. Plaintiff feels that harassment was used to push the Plaintiff into this current living state. The denial of police protection and services enables the current living situation to continue.

## DAMAGES

36. These unconstitutional and unlawful acts caused damages and injuries such as mental anguish, mental distress, loss to reputation, embarrassment, humiliation, fear, anxiety, and loss of the enjoyment of life.

37. The Defendants' actions are unconstitutional and unlawful under federal law. The Plaintiff is entitled to recover from damages and injuries in the form of economic compensatory damages and is entitled to recover punitive damages and treble damages under MCL 750.147 for the denial of equal public accommodations.

WHEREFORE, Plaintiff respectfully requests judgment for damages against each Defendant, jointly and severally, in whatever amount a jury shall determine is reasonable, fair and just, plus interest and cost.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues allowed by law.

Respectfully submitted,

Tennille Viau

TSVC12@gmail.com

Date: October 26, 2021